■ In the Matter of JAMES A. ROBBINS, Petitioner, v. VINCENT L. TOFANY, as Commissioner of Motor Vehicles, Respondent.— *Per Curiam.* Proceeding under CPLR article 78 to review a determination of the Commissioner of Motor Vehicles which revoked petitioner's license for refusal to submit to a chemical test to determine the alcoholic content of his blood, following his arrest for driving while intoxicated. (Vehicle and Traffic Law, § 1194, subd. 1.) The arresting officer testified that petitioner at first consented to submit to a chemical test for intoxication but upon arrival at the hospital where a blood specimen was to be taken, refused to sign a form presented to him, the officer describing it by stating that "the hospital has a form, a release form they sign, they have the person sign that they're taking the blood from." The nature and content of the form do not appear from the record and we give no effect to the officer's gratuitous and incompetent statement that "I tried to explain to him that it's just routine that he's not signing away any of his rights by signing this form, and he said he wasn't going to let anybody stick a needle into him and that he was allergic to needles and he refused." The hearing officer found that petitioner "refused to sign release papers which were submitted to him by the hospital authorities" and that the officer "accepted this as a refusal" to submit to a test. However, the Commissioner could not properly determine the issue of consent, without some evidence as to whether the form submitted was indeed a release, that is, from liability that the hospital might otherwise incur by reason of its negligence, which petitioner surely was not bound to sign, or was merely a grant of permission to take a blood specimen. There was, however, evidence of another refusal. The officer said that he then took petitioner to the State Police barracks and there asked him if he would submit to a urine test for intoxication and petitioner declined. Upon testifying, petitioner did not contradict the officer's testimony above quoted but did say that he did not recall being asked to submit to a urine test. In this state of the record, presenting, as it does, issues respecting refusals of separate and different tests, the findings were merely that "the officer had reasonable grounds to believe that Robbins was driving while intoxicated, requested him to submit to a standard test which

the driver refused." The findings are deficient in failing to indicate which of the incidents constituted refusal or whether both of them had that effect. For the reasons hereinbefore indicated, a finding of refusal based on the first incident could not be sustained, upon this record, which, upon remand, might be further developed. The proof of the second incident presents a question of credibility. Determination annulled and matter remanded to the respondent Commissioner for additional findings or other proceedings not inconsistent herewith, with costs to petitioner. Gibson, P. J., Reynolds, Staley, Jr., and Greenblott, JJ., concur in memorandum *Per Curiam*; Aulisi, J., not voting.